**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| ) | |
| ANDREA ELECTRONICS ) | |
| CORPORATION, ) | |
| ) | |
| ) | Civil Action No. 2:15-cv-209 |
| Plaintiff, ) | |
| ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| DELL INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Andrea Electronics Corporation ("Andrea" or "Plaintiff"), by and through its

counsel, Pepper Hamilton LLP, for its Complaint against defendant Dell Inc. ("Dell" or

"Defendant") alleges as follows:

**NATURE OF ACTION**

1.      This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from

Defendant's unauthorized and ongoing actions, in the state of New York and elsewhere, of

making, having made, using, selling, having sold, offering to sell, and/or importing or having

imported into the United States, certain personal computer products that infringe one or more

claims in Andrea's U.S. Patent No. 5,825,898 (the "'898 Patent"), U.S. Patent No. 6,049,607 (the

1

"'607 Patent"), U.S. Patent No. 6,363,345 (the "'345 Patent"),U.S. Patent No. 6,377,637 (the

"'637 Patent"), and U.S. Patent No. 6,483,923 (the "'923 Patent") (collectively, the "Asserted

Patents").

2.      This is an action for direct infringement.  Upon information and belief, Defendant

makes, has made, uses, sells, offers to sell, and/or imports or has imported into the United States

certain personal computer products including, but not limited to, desktops, notebooks, laptops,

all-in-ones, Chromebooks, and tablets that infringe one or more of the Asserted Patents, either

literally or under the doctrine of equivalents.

3.      In addition, this is an action for indirect infringement.  Upon information and

belief, Defendant contributes to or induces the direct infringement, either literally or under the

doctrine of equivalents, of one or more claims in the '898, '607, '637, '345, and '923 Patents.

## THE PARTIES

4.      Plaintiff Andrea is a corporation organized and existing under the laws of the state

of New York with its principal place of business at 65 Orville Drive, Suite One, Bohemia, New

York 11716.

5.      Upon information and belief, Dell Inc. is a corporation organized and existing

under the laws of Delaware, headquartered at 1 Dell Way, Round Rock, Texas 78682-7000.  Dell

Inc. may be served through its registered agent for service of process, Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

6.      Upon information and belief, Defendant is subject to personal jurisdiction in the

Eastern District of New York because it regularly transacts business in this judicial district by,

among other things, offering products to customers, business affiliates, and/or partners located in

this judicial district.  In addition, Defendant has committed acts of infringement of one or more

2

claims of each of the Asserted Patents in this judicial district.  Infringing products made and sold by Defendant including, but not limited to, desktops, notebooks, laptops, all-in-ones, Chromebooks, and tablets are widely advertised in New York and are readily available at numerous retail locations throughout the state, including within the Eastern District of New York.  Upon information and belief, Defendant makes ongoing and continuous shipments of infringing products into the Eastern District of New York and maintains an established distribution network that encompasses New York.  Infringing products are manufactured by Defendant, or at its direction, and are used or consumed within this State in the ordinary course of trade.

7.      Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. § 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.  Additionally, Plaintiff's principal place of business is located in this judicial district.

## BACKGROUND AND FACTS RELATED TO THIS ACTION

8.      Andrea is a leading industry developer of product solutions which optimize the performance of voice user interfaces and has a decorated history deeply rooted in the state of New York.  Its technology has been applied to products related to, among other things, voice over internet protocol ("VoIP") telephone, VoIP teleconferencing, video conferencing, speech recognition, computer gaming, in-car computing, and 3D audio recording.

9.      The leadership of Andrea has spanned three familial generations over 80 years, and the company has been headquartered in the Long Island community since 1934.  Andrea's products are featured in the Henry Ford Museum and Smithsonian National Museum of American History.

10.    In the early 1900s, Frank Andrea, an Italian immigrant, started his business career.  He began as an electroplater for I.P. Frink manufacturing company and studied at night as a tool maker and machinist at the Mechanics Institute in New York City.  In 1913 he joined the Frederick Pierce Company and, after the outbreak of World War I, worked to design tools to manufacture parts for a new aircraft radio receiver that he had built.  Mr. Andrea soon thereafter started his own company, FADA.

11.    As founder of FADA, Mr. Andrea employed his family members, including his 16 year-old brother, John.  FADA picked up momentum when Mr. Andrea convinced Marconi, the predecessor of RCA, to place an order for radio parts.  FADA began manufacturing parts for crystal sets and "Do It Yourself" kits.  FADA also soon began manufacturing parts such as sockets and rheostats for tube type radios.

12.    After selling his controlling interest in FADA, Mr. Andrea founded the Andrea Radio Corporation ("Andrea Radio").  Andrea Radio's offerings evolved over time.  In 1939, Andrea Radio developed and produced one of the first television sets, which was displayed at the World's Fair in Queens, New York.  Andrea Radio sold TV kits and the first television console models that also housed a radio and phonograph.  In 1954, Andrea Radio began developing a color television and introduced a set in 1957.

13.    During the Second World War, the firm engaged in the production of military electronics.  In 1942, Andrea Radio was presented with the prestigious high honors Navy E Award for manufacturing excellence and providing military audio communications equipment. In the early 1960s, Andrea Radio developed and produced several types of high reliability intercommunication systems for installation in various military and commercial aircraft.  Indeed,

4

Andrea Radio produced the audio intercom system for Project Mercury's first manned spacecraft.

14.     Mr. Andrea passed away in 1965, leaving his son, Frank Jr., to continue the Andrea business.

15.     In the 1970s and 1980s, Andrea Radio became a premier supplier of high performance avionic intercom equipment for defense industry manufacturers like Bell Helicopter, Boeing, Sikorsky, and Lockheed, prompting Andrea Radio to change its name to Andrea Electronics Corporation.  Andrea produced microphone audio pre-amplifiers for Navy aviators' oxygen mask helmet systems.  The experience gained from producing audio intercom systems for high noise environments paved the way for Andrea's emphasis on active noise cancellation.

16.     Product development continued in the 1990s with Andrea producing the first Active Noise Canceling ("ANC") boom microphone computer headset for deployment with computer speech recognition.  Andrea shipped millions of headsets and microphone products to software OEMs.  In 1998, Andrea developed and produced the first digital array microphone for commercial use, providing hands-free voice command and control functionality.  In 1999, Andrea developed and produced the first USB headset as well as the first desktop digital array microphone.

17.     In the 2000s, Andrea broadened the application of its product offerings.  In 2001, it developed and produced digital noise canceling array microphones for speech control systems in police cruisers.  In 2002, Andrea revolutionized PC audio input by introducing the first stereo array microphone interface for integrated audio coder/decoders ("CODECs").  By the late 2000s,

Andrea had shipped over one million SuperBeam stereo array microphones, and millions of DSDA stereo array microphone and EchoStop speakerphone products.

18.     Andrea has continued its innovation and offers microphone and earphone technologies designed to enhance sound quality.  Andrea, now led by Frank Andrea's grandson, Douglas Andrea, successfully transformed itself from a manufacturer of industrial and military intercommunication systems into a creator of cutting-edge audio technologies.  Andrea incorporates its new patented technologies to enable natural language interfaces and enhance the performance of voice-related applications.  Today, Andrea offers a variety of products incorporating its technologies such as headsets and headphones, microphones, software algorithms, USB audio solutions and related accessories.  Since its inception, Andrea has gone through a remarkable evolution as an audio technology leader, meeting the ever-changing needs of a demanding audio communications marketplace.

## COUNT I

### (Infringement of the '898 Patent)

19.     Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.     On October 20, 1998, United States Patent No. 5,825,898 (the "'898 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling."  The '898 Patent is in full force and effect.  A true and correct copy of the '898 Patent is attached hereto as Exhibit A and made part hereof.

21.     Andrea is the owner of all right, title, and interest in and to the '898 Patent, with the exclusive right to enforce the '898 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

22.     The '898 Patent generally relates to signal processing.  Specifically, the '898 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

23.     Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the '898 Patent.

24.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '898 Patent by inducing infringement.

25.     Defendant has been aware of the '898 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally, Defendant had constructive notice of the '898 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

26.     Despite Defendant's awareness of the '898 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '898 Patent by selling personal computer products containing microphone input(s) with, for example, "microphone focus" functionality, which, when used, results in the direct infringement of at least one claim of the '898 Patent by end-users – *e.g.,* customers.  For example, Defendant has provided and continues to provide promotional materials advertising "microphone focus" functionality described and claimed in the '898 Patent.  *See, e.g.*, Exhibit F, Exhibit G, Exhibit H, Exhibit I and Exhibit J.  Upon information and belief, Defendant's implementation of its microphone focus functionality reduces interference in a received signal in a manner that infringes the claims of the '898 Patent.

At least by advertising such functionality, Defendant has induced and is actively inducing end-users to use that functionality and infringe at least one claim of Andrea's '898 Patent.

27.    Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '898 Patent by contributing to infringement.

28.    Upon information and belief, the microphone focus functionality implemented in Defendants' personal computer products, which comprises a combination of hardware (*e.g.*, microphone input(s)) and software (*e.g.*, voice/audio processing), is made solely for the purpose of reducing or eliminating interference from voice and/or other audio signals received through at least one microphone in a manner that infringes at least one claim of the '898 Patent.  Further, this combination of hardware and software is especially made and/or especially adapted for use in the infringement of Andrea's '898 Patent, is not a staple commodity of commerce, and is not suitable for substantial non-infringing use.  By selling personal computer products containing this combination of hardware and software, Defendant has contributed to the infringement of the '898 Patent by end-users – *e.g.,* customers – who use said combination of hardware and software provided in Defendant's products.

29.    As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

30.    Upon information and belief, Defendant will continue its infringement of the '898 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT II

### (Infringement of the '607 Patent)

31.    Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

8

32.     On April 11, 2000, United States Patent No. 6,049,607 (the "'607 Patent") was duly and legally issued for "Interference Canceling Method and Apparatus." The '607 Patent is in full force and effect. A true and correct copy of the '607 Patent is attached hereto as Exhibit B and made part hereof.

33.     Andrea is the owner of all right, title, and interest in and to the '607 Patent, with the exclusive right to enforce the '607 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

34.     The '607 Patent generally relates to an interference canceling method and apparatus. For instance, the '607 Patent discloses an echo canceling method and apparatus which provides echo-canceling in duplex communication.

35.     Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the '607 Patent.

36.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '607 Patent by inducing infringement.

37.     Defendant has been aware of the '607 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint. Additionally Defendant had constructive notice of the '607 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

38.     Despite Defendant's awareness of the '607 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '607 Patent by selling personal computer products containing at least one microphone or microphone input with echo cancellation which,

when used, results in the direct infringement of at least one claim of the '607 Patent by end-users – *e.g.,* customers.  Defendant has provided and continues to provide promotional materials advertising echo cancellation functionality as described and claimed in the '607 Patent.  *See, e.g.*, Exhibit F, Exhibit G, Exhibit H, Exhibit K and Exhibit L.  Upon information and belief, Defendant's implementation of echo cancellation in its products reduces or cancels interference in a manner that infringes the claims of the '607 Patent.  At least by advertising such functionality, Defendant has induced and is actively inducing end-users to use that functionality and infringe at least one claim of Andrea's '607 Patent.

39.    Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '607 Patent by contributing to infringement.

40.    Upon information and belief, the echo cancellation implemented in Defendant's personal computer products, which comprises a combination of hardware (*e.g.*, microphone(s) or microphone input(s)) and software (*e.g.*, voice/audio processing), is made solely for the purpose of reducing or eliminating noise from voice and/or other audio signals received through at least one microphone in a manner that infringes at least one claim of the '607 Patent.  Further, this combination of hardware and software is especially made and/or especially adapted for use in the infringement of Andrea's '607 Patent, is not a staple commodity of commerce, and is not suitable for substantial non-infringing use.  By selling personal computer products containing this combination of hardware and software, Defendant has contributed to the infringement of the '607 Patent by end-users – *e.g.,* customers – who use said combination of hardware and software provided in Defendant's products.

41.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

42.     Upon information and belief, Defendant will continue its infringement of the '607 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT III

### (Infringement of the '345 Patent)

43.     Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44.     On March 26, 2002, United States Patent No. 6,363,345 (the "'345 Patent") was duly and legally issued for "System, Method and Apparatus for Cancelling Noise."  The '345 Patent is in full force and effect.  A true and correct copy of the '345 Patent is attached hereto as Exhibit C and made part hereof.

45.     Andrea is the owner of all right, title, and interest in and to the '345 Patent, with the exclusive right to enforce the '345 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

46.     The '345 Patent generally relates to noise cancellation and reduction.

47.     Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the '345 Patent.

48.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '345 Patent by inducing infringement.

11

49.     Defendant has been aware of the '345 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally Defendant had constructive notice of the '345 Patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

50.     Despite Defendant's awareness of the '345 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '345 Patent by selling personal computer products i at least one microphone or microphone input with noise suppression or cancellation functionality which, when used, results in the direct infringement of at least one claim of the '345 Patent by end-users – *e.g.,* customers.  Defendant has provided and continues to provide promotional materials advertising noise suppression or cancellation functionality as described and claimed in the '345 Patent.  *See, e.g.*, Exhibit F, Exhibit G, Exhibit H, Exhibit M and Exhibit N.  Upon information and belief, Defendant's implementation of noise suppression or cancellation functionality in its products reduces or cancels noise in a manner that infringes the claims of the '345 Patent.  At least by advertising such functionality, Defendant has induced and is actively inducing end-users to use that functionality and infringe at least one claim of Andrea's '345 Patent.

51.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '345 Patent by contributing to infringement.

52.     Upon information and belief, the noise suppression or cancellation in Defendant's personal computer products, which comprises a combination of hardware (*e.g.*, microphone(s) or microphone input(s)) and software (*e.g.*, for voice/audio processing), is made solely for the purpose of reducing or eliminating noise from voice and/or other audio signals received through at least one microphone in a manner that infringes at least one claim of the '345 Patent.  Further,

this combination of hardware and software is especially made and/or especially adapted for use in the infringement of Andrea's '345 Patent, is not a staple commodity of commerce, and is not suitable for substantial non-infringing use.  By selling personal computer products containing this combination of hardware and software, Defendant has contributed to the infringement of the '345 Patent by end-users – *e.g.,* customers – who use said combination of hardware and software provided in Defendant's products.

53.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

54.     Upon information and belief, Defendant will continue its infringement of the '345 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT IV

### (Infringement of the '637 Patent)

55.     Paragraphs 1 through 54 are incorporated by reference as if fully restated herein.

56.     On April 23, 2002, United States Patent No. 6,377,637 (the "'637 Patent") was duly and legally issued for "Sub-Band Exponential Smoothing Noise Canceling System."  The '637 Patent is in full force and effect.  A true and correct copy of the '637 Patent is attached hereto as Exhibit D and made part hereof.

57.     Andrea is the owner of all right, title, and interest in and to the '637 Patent, with the exclusive right to enforce the '637 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

58.     The '637 Patent generally relates to noise cancellation and reduction and, more specifically, to noise cancellation and reduction using sub-band processing and exponential smoothing.

59.     Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the '637 Patent.

60.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '637 Patent by inducing infringement.

61.     Defendant has been aware of the '637 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally Defendant had constructive notice of the '637 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

62.     Despite Defendant's awareness of the '637 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '637 Patent by selling personal computer products containing at least one microphone or microphone input with noise suppression or cancellation functionality which, when used, results in the direct infringement of at least one claim of the '637 Patent by end-users – *e.g.,* customers.  Defendant has provided and continues to provide promotional materials advertising noise suppression or cancellation functionality as described and claimed in the '637 Patent. *See, e.g.*, Exhibit F, Exhibit G, Exhibit H, Exhibit M and Exhibit N.  Upon information and belief, Defendant's implementation of noise suppression or cancellation functionality in its products reduces or cancels noise in a manner that infringes the claims of the '637 Patent.  At least by advertising such functionality, Defendant has induced

and is actively inducing end-users to use that functionality and infringe at least one claim of Andrea's '637 Patent.

63.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '637 Patent by contributing to infringement.

64.     Upon information and belief, the noise suppression or cancellation in Defendant's personal computer products, which comprises a combination of hardware (*e.g.*, a microphone(s)) and software (*e.g.*, for voice/audio processing), is made solely for the purpose of reducing or eliminating noise from voice and/or other audio signals received through at least one microphone in a manner that infringes at least one claim of the '637 Patent.  Further, this combination of hardware and software is especially made and/or especially adapted for use in the infringement of Andrea's '637 Patent, is not a staple commodity of commerce, and is not suitable for substantial non-infringing use.  By selling personal computer products containing this combination of hardware and software, Defendant has contributed to the infringement of the '637 Patent by end-users – *e.g.,* customers – who use said combination of hardware and software provided in Defendant's products.

65.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

66.     Upon information and belief, Defendant will continue its infringement of the '637 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT V

### (Infringement of the '923 Patent)

67.     Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68.     On November 19, 2002, United States Patent No. 6,483,923 (the "'923 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling."  The '923 Patent is in full force and effect.  A true and correct copy of the '923 Patent is attached hereto as Exhibit E and made part hereof.

69.     Andrea is the owner of all right, title, and interest in and to the '923 Patent, with the exclusive right to enforce the '923 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

70.     The '923 Patent generally relates to signal processing.  Specifically, the '923 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

71.     Upon information and belief, Defendant – without authority, consent, right, or license – manufactures, makes, has made, uses, sells, offers for sale, and/or imports into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, or enable the practice of, at least one claim of the '923 Patent.

72.     Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '923 Patent by inducing infringement.

73.     Defendant has been aware of the '923 Patent and of Andrea's allegations of infringement since at least the filing of this Complaint.  Additionally, Defendant had constructive notice of the '923 patent prior to the filing of this Complaint by virtue of Andrea's marking practice, as set forth in Count VI below.

74.     Despite Defendant's awareness of the '923 Patent and Andrea's allegations, it has knowingly and actively induced others to infringe the '923 Patent by selling personal computer products containing microphone(s) or microphone input(s) with a "microphone focus" or beam

forming functionality, which, when used, results in the direct infringement of at least one claim of the '923 Patent by end-users – *e.g.,* customers.  Defendant has provided and continues to provide promotional materials advertising microphone focus functionality described and claimed in the '923 Patent.  *See, e.g.*, Exhibit F, Exhibit G, Exhibit H, Exhibit I and Exhibit J.  Upon information and belief, Defendant's implementation of its microphone focus functionality reduces interference in a received signal in a manner that infringes the claims of the '923 Patent. At least by advertising such functionality, Defendant has induced and is actively inducing end-users to use that functionality and infringe at least one claim of Andrea's '923 Patent.

75.    Further, upon information and belief, Defendant has also indirectly infringed at least one claim of the '923 Patent by contributing to infringement.

76.    Upon information and belief, the microphone focus or beam forming functionality implemented into Defendants' personal computer products, which comprises a combination of hardware (*e.g.*, microphone(s) or microphone input(s)) and software (*e.g.*, voice/audio processing), is made solely for the purpose of reducing or eliminating interference from voice and/or other audio signals received through a microphone array in a manner that infringes at least one claim of the '923 Patent.  Further, this combination of hardware and software is especially made and/or especially adapted for use in the infringement of Andrea's '923 Patent, is not a staple commodity of commerce, and is not suitable for substantial non-infringing use.  By selling personal computer products containing this combination of hardware and software, Defendant has contributed to the infringement of the '923 Patent by end-users – *e.g.,* customers – who use said combination of hardware and software provided in Defendant's products.

17

77.     As a result of Defendant's infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

78.     Upon information and belief, Defendant will continue its infringement of the '923 Patent unless enjoined by the Court.  Defendant's infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT VI

### (Notice of the Asserted Patents under 35 U.S.C. § 287)

79.     Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80.     Prior to the initiation of this action, Andrea provided constructive notice to the public, including Defendant, of the Asserted Patents, by consistently marking substantially all of their articles practicing the Asserted Patents.

## JURY DEMAND

Andrea hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, Andrea requests the following relief:

a.      Judgment that one or more claims of the '898, '607, '345, '637 and '923 Patents have been directly infringed either literally and/or under the Doctrine of Equivalents by Defendant;

b.      Judgment that one or more of the claims of the '898, '607, '345, '637, and '923 Patents have been indirectly infringed either literally and/or under the Doctrine of Equivalents by Defendant;

c.      Judgment that Defendant be held liable and ordered to account for and pay to Andrea:

   (1)   Damages adequate to compensate Andrea for Defendant's infringement of the '898, '607, '345, '637, and '923 Patents, for Andrea's lost profits and/or in an amount no less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

   (2)   Andrea's reasonable attorneys' fees under 35 U.S.C. § 285;

   (3)   Andrea's pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. §284;

d.      Judgment that Defendant be permanently enjoined from any further conduct that infringes one or more claims of the '898, '607, '345, '637, and '923 Patents; and

e.      Judgment that Andrea be granted such other and further relief as the Court may deem just and proper under the circumstances.

Date:  January 14, 2015

Respectfully submitted,

Goutam Patnaik
Tuhin Ganguly
David J. Shaw
Kelly E. Rose
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: 202.220.1200
Fax: 202.220.1665

William D. Belanger
Frank Liu
Suparna Datta
Gwendolyn E. Tawresey
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA  02110-2736
Tel: 617.204.5100
Fax: 617.204.5150

*Counsel for Plaintiff*
*Andrea Electronics Corporation*